Avraham Zvi Cutler
Ballon Stoll Bader & Nadler
729 7th Ave., 17th Fl.
New York, NY 10019
State Bar No. 028441
Fax: 212-764-5060
avicutler@gmail.com
Tel: 718-578-7711

*Attorney for Plaintiff Jennifer Gereghty*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jennifer Gereghty,<br><br>　　　Plaintiff,<br><br>　vs.<br><br>Revsolve, Inc.<br><br>　　　Defendant | No.: _<br><br>**COMPLAINT** |

Plaintiff Jennifer Gereghty ("Plaintiff") by and through her attorneys, Ballon Stoll Bader & Nadler, P.C. as and for her Complaint against Defendant Revsolve, Inc., ("Defendant") respectfully sets forth, complains and alleges, upon information and belief, the following:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

3. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of 15 U.S.C. § 1692 *et seq.*, commonly known as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

4. Plaintiff is a resident of the State of Arizona, County of Mohave, residing at 1841 Rainbow S., Lake Havasu City, AZ 86403.

5. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA, with an address at 1395 N Hayden Road, Scottsdale, AZ 85257.

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

7. On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt from the Plaintiff ("Alleged Debt").

8. The Alleged Debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

9. The reporting of a debt to a credit reporting agency by a debt collector is a communication covered by the FDCPA.

2

10. Defendant reported the Alleged Debt on the Plaintiff's credit report.

11. Plaintiff disputed the Alleged Debt directly with the Defendant with a dispute letter on July 12, 2016.

12. Plaintiff examined her credit report again on September 16, 2016 and found that Defendant had re-reported the Alleged Debt on Plaintiff's credit report in September of 2016.  When Defendant re-reported the Alleged Debt after it had notice of Plaintiff's dispute it neither removed the Alleged Debt from Plaintiff's credit report, nor listed the account as "disputed by consumer" despite being required to do so by the FDCPA.

13. As a result of Defendant's improper debt collection practices described above, Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
**(Violations of the FDCPA)**

14. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

15. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violate various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e(2), 1692e(10), 1692e(8), and 1692f.

16. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

**DEMAND FOR TRIAL BY JURY**

17. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues in this complaint to which Plaintiff is or may be entitled to a jury trial.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment from the Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

b) For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d) A declaration that the Defendant's practices violated the FDCPA; and

e) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

DATED, this 22nd day of December, 2016

s/Avraham Cutler
Avraham Zvi Cutler
**Ballon Stoll Bader & Nadler**
*Attorneys for Plaintiff Jennifer Gereghty*